

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| COUNTY OF EL PASO, | § | |
| | § | No. 08-14-00250-CV |
| Appellant, | § | Appeal from the |
| v. | § | 243rd Judicial District Court |
| JOEL NAVAR, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2010-1789) |
| | § | |

## <u>CONCURRING   OPINION</u>

I join in the Court's opinion and judgment in vacating the trial court's order and rendering judgment dismissing Navar's *ex post facto* and declaratory judgment claims.   I also concur in the Court's decision to uphold Navar's regulatory taking claim, because I agree that portions of Navar's pleadings allege a *Penn Central* taking claim.   Navar, however, makes additional allegations that in my opinion do not raise a taking claim.

First, in part of his amended petition, Navar alleges the County refused "without cause" and "without any legitimate basis" to issue certificates of compliance until he reconstructed new water and sewage facilities and repositioned the mobile homes located on his property.   By these allegations, Navar does not directly challenge the applicable state or county standards or complain that their *proper* application to his property resulted in a regulatory taking.   To the extent Navar is

complaining that it was the County's *improper* application of the regulatory standards to his property that interfered with the use of his property, he has not raised a taking claim. Governmental interference arising from the improper application or misapplication of a regulation is not a taking.

The owners in *City of Houston v. Carlson*, 451 S.W.3d 828 (Tex. 2014), asserted in part that the city had misapplied the safety regulations to their property, resulting in a taking. *Id.* at 831–32. The Supreme Court recognized, at least implicitly, that a misapplication claim, while it may give rise to a due process or Section 1983 claim, is not a taking claim. *Id.* at 833. Likewise, the Dallas Court of Appeals, following *Carlson*, held that the owners of a billboard failed to allege a regulatory taking claim because they did not challenge the sign regulations in the city's zoning ordinance or complain that their *proper* application resulted in a taking, but rather complained only about the city's misapplication of the regulations to their property. *CPM Trust v. City of Plano*, 461 S.W.3d 661, 673 (Tex.App.--Dallas 2015, no pet.).

The prohibition against governmental taking applies only to takings for "public use." Interference with the use of property arising from the government's misapplication of a regulation – even if intentional and arbitrary – is not a taking for public use. The United States Supreme Court recognized in *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005), that governmental misapplication of the law can never amount to a taking, even if the governmental action is arbitrary. The Court explained that while arbitrary actions might violate due process and give rise to an action under 42 U.S.C. § 1983, the Takings Clause applies only to takings "for public use," and arbitrary actions would not be for a public use. *Lingle,* 544 U.S. at 543, 125 S.Ct. at 2084. *Lingle* emphasized that the Takings Clause does not bar all government

actions. Rather, it requires compensation only "in the event *of otherwise proper interference amounting to a taking.*" [Emphasis added]. *Lingle,* 544 U.S. at 537, 125 S.Ct. at 2080. If the governmental action is not proper, it cannot be a taking. *Id*. at 543, 125 S.Ct. at 2084 ("[I]f a government action is found to be impermissible – for instance because it fails to meet the 'public use' requirement or is so arbitrary as to violate due process – that is the end of the inquiry."). Thus, to the extent Navar is complaining about the County's misapplication of the law to his property, he has not raised a regulatory taking claim.

Second, Navar also complains that the County failed to timely make the written certification determinations as required by statute, and that by the time the County issued the certificates of compliance, he had already suffered damages because of his inability to lease the mobile homes in the interim. These are objections only to the infirmity of the process and do not allege a regulatory taking. The Texas Supreme Court recognized in *Carlson* that while such claims may constitute a due process or Section 1983 claim, "where a party objects only to the 'infirmity of the process,' no taking has been alleged." [Citations omitted]. *Carlson*, 451 S.W.3d at 832–33. Thus, to the extent Navar complains about the County's failure to timely make the required written determinations and to timely issue the certificates of compliance, Navar has not raised a taking claim.


August 7, 2015

STEVEN L. HUGHES, Justice

Before Rodriguez, J., Hughes, J., and Barajas, Senior Judge
Barajas, Senior Judge (Sitting by Assignment)